**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

      Petitioner,

v.

Saadiq Tucker,

      Respondent.

No. 25-cv-2950 (KMM/SGE)

**ORDER**

---

Saadiq Tucker is approaching the end of an 84-month sentence. In July 2025, the United States petitioned the Court for a hearing, pursuant to 18 U.S.C. § 4246, to determine Mr. Tucker's present mental condition and requesting an Order finding that he continues to suffer from a mental disease or defect and committing him the custody of the Attorney General. The government seeks continued hospitalization and treatment of Mr. Tucker until a suitable state placement can be found or until his release would no longer constitute a substantial risk of bodily injury to another person or serious damage to the property of another, as contemplated by the statute.

On October 22, 2025, United States Magistrate Judge Shannon G. Elkins held an evidentiary hearing. (*See* Dkt. 19.) Although his counsel was present, Mr. Tucker did not attend the hearing. Judge Elkins determined it was appropriate to move forward because Mr. Tucker had been given the opportunity to be present and participate in the proceedings, and the evidentiary record demonstrated that postponing the hearing was unlikely to change the result given Mr. Tucker's long history of refusing to communicate with staff at the

1

Federal Medical Center in Rochester, to participate in treatment, or to be interviewed for the forensic psychological report that needed to be prepared for this proceeding.

Following the submission of post-hearing briefing by the parties, Judge Elkins issued a Report and Recommendation (R&R) recommending that the government's petition be granted. (Dkt. 29.) Judge Elkins found that the government met its burden to demonstrate: (1) that Mr. Tucker is presently suffering from a mental disease or defect; (2) as a result of his condition, his release would pose a substantial risk of bodily injury to another person or substantial damage to the property of another; and (3) there is currently no suitable state placement available for Mr. Tucker. Accordingly, Judge Elkins recommended that Mr. Tucker be committed to the custody of the Attorney General, pursuant to § 4246, to "hospitalize him for treatment and care in a suitable facility until a suitable state placement can be found, or until his release no longer poses a substantial risk of bodily injury to another person or serious damage to the property of another." (Dkt. 29 at 31.)

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b)(2), Mr. Tucker objects to the R&R, arguing that the government's petition should be denied for three reasons:

(1) it was error for the Court to proceed with the evidentiary hearing in his absence;

(2) the government failed to carry its burden to show his release would create a substantial risk danger because:
   a. his violent behaviors occurred many years ago;
   b. he is "dysfunctional, but not violent";
   c. and he would be placed on supervised release if the government's petition was denied, reducing any practical risk of harm to any individual or property; and

2

(3) the government did not adequately establish that there is no suitable state placement available.

(Dkt. 33 at 1–2, 7–10.)

Because Mr. Tucker filed specific objections to the R&R, this Court has reviewed the matter de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court finds no error in the R&R's findings or conclusions. Under the circumstances, there was no error in proceeding with the evidentiary hearing in Mr. Tucker's absence, and the Court agrees with Judge Elkins that a postponement would have been unlikely to result in Mr. Tucker's participation in the later hearing.

Nor does the Court discern any error in Judge Elkins's conclusion that the government met its burden to show Mr. Tucker's release would present a substantial risk of bodily injury to another person or substantial damage to the property of another. To meet its burden on establishing dangerousness, the government need not present evidence of overt acts of violence. *E.g.*, *United States v. Dalasta*, 3 F.4th 1121, 1125 (8th Cir. 2021). As explained in the R&R, Mr. Tucker has spent most of the time in his recent placement at FMC Rochester in self-imposed isolation, indicating that the absence of recent violent incidents is likely attributable to the fact that he is apart from others. (Dkt. 29 at 27.) In fact, when he was placed with a cellmate in July 2024, he was involved in two fights with his cellmate within a few days. (*Id.* at 17.) Mr. Tucker's lack of insight into his mental illness, including his denial that he suffers from a mental illness and the risks posed by his behavior, further contributes to the risks of his release. (*Id.* at 28.) And ultimately, the

R&R's conclusion is amply supported by entire record in this proceeding, particularly by the risk assessment panel's report. (Gov't Ex. C at 15–22.)

Finally, the Court finds no error in the R&R's conclusion that there was no suitable state placement available based on the evidence in the record. The warden at FMC Rochester has certified that there are no suitable arrangements for a state placement. (Gov't Ex. E.) And the government has demonstrated that it made an effort to find a placement for Mr. Tucker in North Carolina.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.  The Report and Recommendation (Dkt. 29) is **ACCEPTED**;

2.  Mr. Tucker's Objections (Dkt. 33) are **OVERRULED**;

3.  The Petition of the United States to Determine the Present Mental Condition of an Imprisoned Person Due for Release Under 18 U.S.C. § 4246 (Dkt. 1) is **GRANTED**; and

4.  Mr. Tucker is committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4246, who shall hospitalize him for treatment and care in a suitable facility until a suitable state placement can be found, or until Mr. Tucker's release no longer poses a substantial risk of bodily injury to another person or serious damage to the property of another.

**Let Judgment be entered accordingly.**


Date: June 18, 2026                              *s/Katherine Menendez*
                                                 Katherine Menendez
                                                 United States District Judge

4